Case 4:15-cv-03534 Document 26 Filed in TXSD on 07/19/16 Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
July 19, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORGE JUAREZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| DHI MORTGAGE COMPANY, LTD; | § | CIVIL ACTION H-15-3534 |
| FEDERAL NATIONAL MORTGAGE | § | |
| ASSOCIATION, IN ITS CORPORATE | § | |
| CAPACITY; FEDERAL NATIONAL | § | |
| MORTGAGE, AS TRUSTEE FOR THE | § | |
| GUARANTEED REMIC PASS- | § | |
| THROUGH TRUST SERIES 2004-68; | § | |
| BANK OF AMERICA N.A.; AND | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC., | § | |
| AKA "MERS," | § | |
| | § | |
| *Defendants*. | | |

**MEMORANDUM OPINION AND ORDER OF REMAND**

Pending before the court is plaintiff Jorge Juarez's motion for remand. Dkt. 20. Due to the court's ruling on the remand motion, the court need not decide any of the other motions pending before the court. Having considered the motion, response, reply, and applicable law, the court is of the opinion that the motion should be GRANTED, the case should be REMANDED to the 80th Judicial District Court of Harris County, Texas, and all other pending motions (Dkts. 6, 14) DENIED for want of jurisdiction.

**I. BACKGROUND**

On August 10, 2015, Jorge Juarez commenced action against five parties: DHI Mortgage Company, LTD ("DHI"), Federal National Mortgage Association in its Corporate Capacity ("Fannie

Mae"), Fannie Mae as trustee for the Guaranteed Remic Pass-Through Trust Series 2004-68 ("2004-68 Trust"), Bank of America, N.A. ("BANA"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"). Dkt. 1, Ex. 2. Juarez seeks to void and set-aside a prior foreclosure under several causes of action: lack of standing to foreclose as a real party in interest, declaratory relief, quiet title, breach of contract, fraud, violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"), promissory estoppel to the power of sale, and common law rescision. *Id.* On December 7, 2015, Defendants filed a notice to remove the case to federal court. Dkt. 1. On January 4, 2016, Juarez filed an amended complaint, which dropped the TILA and RESPA causes of action. Dkt 11. On April 22, 2016, Juarez filed a motion to remand the case, arguing that this court lacked subject matter jurisdiction due to a lack of complete diversity. Dkt. 20. The motion is now ripe for disposition.

## II. LEGAL STANDARD

A party may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441 (2012). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). This statutory right to removal is strictly construed because "removal jurisdiction raises significant federalism concerns." *Id.* (citations omitted). For a case to be removed based on diversity of citizenship, the matter in controversy must exceed $75,000 and complete diversity must exist between all parties. 28 U.S.C. § 1332(a), (c). Additionally, a diversity action may not be removed if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

### III. LAW AND ANALYSIS

Both parties agree that the amount in controversy exceeds $75,000, leaving this court to consider only whether the parties are completely diverse. The only material dispute is determining the citizenship of the 2004-68 Trust. Juarez argues that complete diversity is lacking because Defendants have not established the citizenship of the 2004-68 Trust. Dkt. 20 at 3–4. In their response, Defendants rely upon *Navarro Savings Association v. Lee*, 446 U.S. 458, 100 S.Ct. 1779 (1980) in arguing that the citizenship of the 2004-68 Trust is determined by the citizenship of the trustee, Fannie Mae. Dkt. 24 at 8.

**A.**  *Navarro* **and** *Americold*

In *Navarro*, eight individual trustees of a business trust, suing in their own names, brought an action for breach of contract. *Id*. at 459–60. The question before the Court was whether "trustees of a business trust may invoke the diversity jurisdiction of the federal courts on the basis of their own citizenship, rather than that of the trust's beneficial shareholders." *Id*. at 458. The Court looked to the role of the trustees and the shareholders with respect to the trust and found that "a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Id*. at 464. The Court concluded that "trustees who meet this standard [may] sue in their own right, without regard to the citizenship of the trust beneficiaries." *Id*. at 464–66 (finding that the plaintiffs met the standard where the trustees had exclusive authority over the property and the declaration of the trust "authorized the trustees to take legal title to trust assets, to invest those assets for the benefit of the shareholders, and to sue and be sued in their capacity as trustees").

Since *Navarro* was decided, courts have taken several different approaches to determining the citizenship of a trust. *See Emerald Inv'rs Tr. v. Gaunt Parsippany Partners,* 492 F.3d 192, 201

3

(3d Cir. 2007) (identifying four approaches taken by courts since *Navarro*: (a) the citizenship of the trustee controls; (b) the citizenship of the beneficiary controls; (c) the citizenship of either the trustee or the beneficiary controls depending on who is in control of the trust in the particular case; or (d) the citizenship of both the trustee and the beneficiary controls). Indeed, some courts in this circuit have applied the bright-line rule that a trust's citizenship is determined by the trustee's citizenship. *See Deutsche Bank Nat. Tr. Co. v. Ra Surasak Ketmayura*, No. A-14-CV-00931-LY-ML, 2015 WL 3899050, at *4 (W.D. Tex. June 11, 2015) ("When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust."); *see also Geske v. Wells Fargo Bank, Nat. Ass'n*, No. 3:11-CV-3337-L, 2012 WL 1231835, at *2 (N.D. Tex. Apr. 12, 2012).

In March of 2016, the Supreme Court decided *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 194 L. Ed. 2d 71 (2016) in an attempt to resolve the confusion among the Courts of Appeals in determining the citizenship of a trust. First, *Americold* clarified that the rule set out in *Navarro* applies only when a trustee files a lawsuit in her name or is being sued in her name:

> *Navarro* had nothing to do with the citizenship of [a] 'trust.' Rather, *Navarro* reaffirmed a separate rule that when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person.

136 S. Ct. at 1016 (internal citations omitted). The *Americold* court therefore dismissed *Navarro's* applicability where the plaintiff suing was the trust itself and rejected the argument that "anything called a trust possesses the citizenship of its trustees alone, not its shareholder beneficiaries as well." *Id*. Further, the Court looked beyond the "trust" label and determined that, under Maryland law, the plaintiff, a real estate investment trust, was a separate, unincorpoated legal entity that itself could sue

4

or be sued. *Id*. And when a trust is an artificial entity and is sued in its name, "[the trust] takes the citizenship of each of its members." *Id.* at 1013. Accordingly, the Court concluded that the trust possessed the citizenship of all its members. *Id*. at 1016. Therefore, *Americold* provides that if the trust itself is suing or being sued, then further analysis is required to determine whether the trust is a traditional trust (where one need only look to the trustee for citizenship) or a business entity (where one must look to all of the members of the "trust" to determine citizenship).[1] Accordingly, as a threshold issue, the court must determine whether the trust itself is being sued in this case.

**B.     The 2004-68 Trust is Being Sued**

In this case, Fannie Mae is being sued in its capacity as a corporation and in its capacity as a trustee of the 2004-68 Trust. In Texas, "for relief to be granted against a trust, the trust—through its trustee—must be made a party to the action." *In re Ashton*, 266 S.W.3d 602, 604 (Tex. App. 2008). Given this anomaly under Texas law, there appears to be some confusion about whether the trust itself is being sued. Defendants maintain that beacuse Fannie Mae is sued in its own name as trustee, the standard set forth in *Navarro* should be applied. Dkt. 24 at 9. Juarez, on the other hand, claims that the complaint makes clear that the 2004-68 Trust is being sued. Dkt. 20 at 7.

In *Wells Fargo Bank, N.A. v. Transcontinental Realty Investors, Inc.,* No. 3:14-CV-3565-BN, 2016 WL 3570648 (N.D. Tex. July 1, 2016), a similar situation arose when the trustee was named in the suit. The decision noted the distinction between a facial and factual attack on subject matter jurisdiction. *Id.* at *1. A facial attack is based solely on the names listed in the pleadings. *Id.* A

---

[1] The *Americold* court noted that if the trust itself is suing or being sued, then the citizenship of a trust depends on whether it is a traditional trust or a business trust. "For a traditional trust . . . there is no need to determine its membership, as would be true if the trust, as an entity, were sued." *Americold*, 136 S. Ct. at 1016. However, if the trust is an unincorporated entity that has "little in common with the traditional trust template," then the trust possesses the citizenship of all its members. *Id.*

factual attack is based on "affidavits, testimony, and other evidentiary material." *Id.* Courts are empowered to "look to the substance of the complaint 'to see whose conduct is the subject of the claim and against whom the action is alleged.'" *Id.* at 2. Therefore, Defendants must demonstrate that complete diversity exists based on the names listed in the pleadings and in the complaint itself. *Id*. at *2 (granting the defendant's motion to dismiss for lack of subject matter jurisdiction where "[a] careful review of the complaint [made] clear that Wells Fargo [was] only a nominal or formal party suing on behalf of the Trust, which [was] the real and substantial party to the controversy with Defendant").

In this case, the record indicates that the 2004-68 Trust is a real and substantial party to the controversy. First, the complaint lists Fannie Mae in its corporate capacity and then separately lists Fannie Mae in its capacity as a trustee. Dkt. 1, Ex. 2 at 1. In accordance with Texas law, naming Fannie Mae as trustee for the 2004-68 Trust in the pleading brings the trust into the suit. *In re Ashton*, 266 S.W.3d 602, 604 (Tex. App. 2008); *see also Hollis v. Lynch*, No. 15-10803, 2016 WL 3568063, at *4 (5th Cir. June 30, 2016) ("While in some jurisdictions trusts have a separate legal existence, Texas is not one of those.").[2] Second, the complaint treats the 2004-68 Trust as separate defendant from Fannie Mae by alleging that the trust itself wrongfully foreclosed on Juarez's property. The complaint alleges that the 2004-68 Trust did not have the right to foreclose on Juarez's property because it failed to perfect a security interest in the property at the time of foreclosure. Dkt. 1, Ex. 2 at 18. For these reasons, the the 2004-68 Trust is a party to the suit.

---

[2] This case is distinguishable from *HSBC Bank USA v. Johnson*, No. CV H-15-0277, 2016 WL 1626219 (S.D. Tex. Apr. 25, 2016) ("when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes") because HSBC Bank was the plaintiff suing in its capacity as trustee, and therefore, its citizenship determined the question of diversity. In this instance, the trust is being sued as a defendant. In Texas, "for relief to be granted against a trust, the trust—through its trustee—must be made a party to the action." *In re Ashton*, 266 S.W.3d at 604.

### C. Defendants' Burden to Establish Citizenship of the Trust

As other courts have noted post-*Americold*, the burden remains with the removing party to classify the trust, establish its citizenship, and prove complete diversity. *See Daimler Tr. v. Prestige Annapolis, LLC,* No. CV ELH-16-544, 2016 WL 3162817, at *16 (D. Md. June 7, 2016). In *Americold*, the Court determined that the trust at issue was an uncoroprated entity unlike a "traditional trust" under Maryland law. 136 S. Ct. at 1016. In this case, Juarez alleges that Defendants lack diversity, claiming that the 2004-68 Trust is an unincorporated entity under New York law. Dkt. 25 at 2. Because Defendants have not even attempted to classify the 2004-68 Trust or identify any of its members, the court need not make this determination. Juarez's assertions, coupled with Defendants' failure to present any evidence regarding the 2004-68 Trust or its members, are sufficient to cast doubt on whether this court has subject matter jurisdiction. *See Gasch v. Hartford Accident & Indem. Co.,* 491 F.3d 278, 281–82 (5th Cir. 2007) ("[A]ny doubt about the propriety of removal must be resolved in favor of remand."). Therefore, Defendants have failed to carry their burden of establishing complete diversity.

### IV. CONCLUSION

Juarez's motion to remand (Dkt. 20) is GRANTED and all other pending motions are DENIED for want of jurisdiction. This case is REMANDED to the 80th Judicial District Court of Harris County, Texas.

Signed at Houston, Texas on July 19, 2016.

_____
Gray H. Miller
United States District Judge